# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**LANDCOAST INSULATION, INC.,**
a Louisiana Corporation                                                                **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 1:08cv1429KS-RHW**

**PATENT CONSTRUCTION SYSTEMS,**
a Division of HARSCO Corporation,
a Delaware Corporation                                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on separate Motions for Summary Judgment for declaratory relief filed on behalf of the plaintiff **[#20]** and on behalf of the defendant **[#22]**. The court, having reviewed the motions, the responses, the briefs of counsel, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the plaintiff's motion is well taken and should be granted in part and that the defendant's motion is well taken and should be granted in part as well. The court specifically finds as follows:

## FACTUAL BACKGROUND

On September 18/19, 2008, the plaintiff, LandCoast Insulation, Inc. ("LandCoast") and the defendant, Patent Construction Systems ("Patent") entered into an agreement entitled "Proposal for Equipment Rental Services" ("Rental Agreement") wherein Patent agreed to supply LandCoast with several hundred thousand dollars of materials necessary for the installation of interior boiler scaffolding for a project at

Mississippi Power Plant Victor Daniel in Jackson County, Mississippi. Patent also agreed to provide engineering drawings for the design and construction or erection of the scaffolding, at an additional charge, along with instructions and safety rules for the erection. The Rental Agreement required LandCoast to construct the scaffolding in strict compliance with Patent's drawings, instructions and safety rules.

On November 4, 2008, during the final stages of the erection of the scaffolding, the entire structure failed, injuring seven LandCoast employees, one fatally. Substantially all of the rental equipment supplied by Patent was damaged or destroyed. After the collapse, HARSCO, Patent's parent corporation, sent a letter to LandCoast on November 13, 2008, advising of its intent to pursue a claim under the Rental Agreement to recover the cost of the scaffolding material damaged in the collapse.

In response to the letter, LandCoast filed the present action seeking a declaratory judgment that an indemnity clause contained in the Rental Agreement was void and unenforceable pursuant to Miss. Code Ann. § 31-5-41, which prevents indemnification for one's own negligence in construction contracts. The Amended Complaint seeks a declaration from the court that LandCoast has no duty or obligation to Patent to indemnify, defend, or hold it harmless from any liability, loss or expense it has incurred or may incur as a result of the accident which occurred on November 4, 2008.

Patent answered and filed a counterclaim for its alleged losses on December 22, 2008. The counterclaim asked that: (a) the court dismiss the Amended Complaint for Declaratory Judgment; (b) the court declare that LandCoast has to comply with its contractual obligation to defend and indemnify Patent; (c) the court declare that

LandCoast has the duty for any handling, storing or payment for any equipment or material delivered by Patent; (d) the court grant to Patent the list cost of damaged and/or unreturned material provided to LandCoast pursuant to the agreement; and (e) that the court deny any relief requested by LandCoast and grant any further relief to Patent as appropriate.

On February 5, 2009, Magistrate Judge Walker bifurcated the plaintiff's declaratory judgment action on the indemnification issue from the defendant's counterclaim after the parties agreed that resolution of the indemnification issue was a pure question of law. Judge Walker ordered that the present dispositive motions concerning the indemnification issue be filed and stayed the defendant's counterclaim pending resolution of the indemnification issue.

The parties have now filed their dispositive motions on the indemnification issue and fully briefed the matter. The defendant, however, went one step further and moved for summary judgment on a portion of its counterclaim as well, asserting that it was a pure question of law and not subject to any factual dispute that the balance of the contract was enforceable whether the court found the indemnification clause void or not. As is stated hereinafter, the court will address the issue of indemnification as previously agreed by the parties and ordered by Judge Walker, but in doing so finds it necessary to grant a portion of the defendant's motion on its counterclaim dealing with the enforceability of the balance of the contract, exclusive of the indemnity clause.

Stated succinctly, this is a case about the validity and enforceability of the indemnification clause contained within the rental contract (Paragraph 7) as well as the separate equipment reimbursement clause (Paragraph 10). LandCoast alleges in its

Amended Complaint that the indemnification clause is void as against public policy and wholly unenforceable pursuant to Mississippi Code Annotated Section 31-5-41 and all other applicable Mississippi law.  It also argues that it has no duty to reimburse Patent for any damaged equipment under Paragraph 10 since the indemnification clause contained in Paragraph 7 is void.

However, the defendant asserts that § 31-5-41 only applies to construction contracts, not a rental contract and that the indemnification clause as well as the remainder of the contract is valid and enforceable.  Thus, the defendant contends that LandCoast is under an obligation to defend and indemnify Patent and to reimburse Patent for the damaged equipment, and to defend it from any personal injury actions that may be filed arising out of the November 4, 2008 accident.  Alternatively, Patent implicitly contends that even if the indemnification clause of Paragraph 7 is void, the remaining contract is still enforceable, including Paragraph 10 which requires the plaintiff to pay for damages to the rental equipment.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for*

*State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his

motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents

merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## **ANALYSIS**

The plaintiff contends that Patent was to "...engineer a set of plans and drawings for the construction of the scaffolding structure" and that it erected the scaffolding "... in conformity with Defendant's engineering plans, drawings and instructions, and as per their contract requirements".  The defendant contends that those assertions are in dispute and inaccurate, and known to be inaccurate by LandCoast because LandCoast decided to proceed with the scaffolding construction with drawings clearly marked - **"PRELIMINARY - NOT FOR CONSTRUCTION"**, which Patent delivered to LandCoast.  The defendant argues that in addition to the obvious admonition these drawings were not to be used for construction, LandCoast, as well as the other participants to the scaffold erection, were aware as early as March 2008 that any engineering drawings to be used for construction needed to be stamped by an engineer with a Mississippi license, which was not accomplished.

Patent argues that LandCoast never received a set of engineering drawings that met their own specifications, the contract specifications, the prime contractor's (PIC) specifications, nor the instructions shared by LandCoast, PIC and Mississippi Power Company, as well as federal law.  Furthermore, the defendant asserts that LandCoast did not follow what was contained in the preliminary drawings that were not to be used

for construction, nor the Safety Rules and Instructions supplied by Patent.

The foregoing arguments are proffered by the defendant to assert that clearly LandCoast was negligent in erecting the scaffolding. If that is true, then the indemnification clause would be operative to require LandCoast to indemnify Patent as the indemnification clause fails to become operative only if Patent is **solely** negligent. That clause, contained in Paragraph 7 of the Rental Agreements, reads:

> INDEMNITY. IT IS UNDERSTOOD AND AGREED THAT EXCEPT FOR OUR SOLE NEGLIGENCE, YOU SHALL INDEMNIFY, DEFEND AND SAVE US HARMLESS FROM LIABILITY, LOSS OR EXPENSE INCLUDING BUT NOT LIMITED TO REASONABLE ATTORNEYS' FEES, ON ACCOUNT OF INJURIES TO PERSONS, INCLUDING DEATH, OR DAMAGE TO PROPERTY PROVIDED SUCH INJURIES, DEATH OR DAMAGE ARE ATTRIBUTABLE IN WHOLE OR IN PART TO EITHER YOUR NEGLIGENCE OR FAILURE TO COMPLY WITH THE AFOREMENTIONED REQUIREMENTS, OR ANY NEGLIGENCE OR SUCH FAILURE ON THE PART YOUR AGENTS OR SUBCONTRACTORS. IN OTHER WORDS, EVEN IF WE ARE NEGLIGENT IN PART YOU SHALL NEVERTHELESS INDEMNIFY US AS PROVIDED ABOVE. THIS INDEMNIFICATION SHALL BE INTERPRETED AND APPLIED TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW.

The plaintiff argues that this indemnification clause is in direct contravention of Miss. Code Ann. § 31-5-41, which provides:

> With respect to all public or private contracts or agreements, for the construction, alteration, repair or maintenance of buildings, structures, highway bridges, viaducts, water, sewer or gas distribution systems, or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise and/or agreement contained therein to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable.
>
> This section does not apply to construction bonds or insurance contracts or agreements.

The defendant responds that the contract at issue is not a "construction contract" within the meaning of this code section, but a rental agreement. To support this thesis,

the defendant asserts that this is evident from the title of the agreement, which is "Proposal for Equipment Rental Services." Further, the agreement also states that "Patent Construction Systems is pleased to submit its proposal to furnish equipment on rental basis . . .." to LandCoast, which further evidences the fact that this is a rental contract and not a construction contract.

Mississippi courts generally place a "restrictive, not liberal, construction on what is a construction contract under Miss. Code Ann. §31-5-41." *Eagle Pacific v. Quintanilla*, 923 So.2d 266, 268 (Ct. App. 2006). In *Eagle Pacific*, the Mississippi Supreme Court had before it a labor contract for a company, Premier, to provide workers. The Court held that it was not a contract for construction "work." *Id.* at 269. The contract required no action on the part of Premier in the actual construction or construction-related work involved; Premier was to merely supply contract laborers. *Id.* at 269.

Likewise, Patent argues that it took no part in the actual construction work involved in erecting the boiler scaffolding at the Mississippi Power Company Plant. The Proposal for Rental Equipment Agreement agreed to by LandCoast provided that Patent would supply equipment on a rental basis and that Patent would supply "engineering stamped drawings" for this project. However, Patent asserts that LandCoast never requested nor obtained the final drawings since it did not provide necessary information to Patent, even though there was a separate line item charge in the agreement of $1,100.00 for such drawings.

Regarding the issue of statutory interpretation, the Mississippi Supreme Court has held, "[i]f a statute is not ambiguous, the court should apply the plain meaning of the statute. Ultimately, however, this Court's goal is to discern the legislative intent." *Sykes*

*v. State*, 757 So.2d 997, 1000 (Miss.2000)(citing *Mississippi Power Co. v. Jones*, 369 So.2d 1381, 1388 (Miss.1979)). "This Court will not resort to canons of statutory construction when the statute in question is clear and unambiguous." *Eagle Pacific v. Quintanilla*, 923 So.2d at 269 (citing *State v. Heard*, 246 Miss. 774, 781, 151 So.2d 417, 420 (1963)).

Even though there is a disagreement as to the applicability of this statute in this case, it is not ambiguous. It clearly says what it does. As the *Eagle Pacific* Court found, "Section 31-5-41 provides that it applies to contracts 'for the construction . . . of buildings, structures . . . or other work dealing with construction . . . .' Clearly, this means that the statute applies to contracts 'for . . . work,' whether that work is 'construction,' or 'other work dealing with construction.'" *Eagle Pacific v. Quintanilla*, 923 So.2d at 269. Thus, "'a contract must at least involve work to effect or assist in the construction or alteration or maintenance of a building or structure to be within the statute's reach.' We find this to be a succinct statement of the law . . .." *Id.*

In this case, providing the scaffolding and the instructions to install it is clearly such work "for the construction . . . of buildings, structures . . . or other work dealing with construction" as set forth in the statute. The defendant's arguments notwithstanding, this contract dealt with providing an integral and indispensable part of the construction project at Plant Victor Daniel along with the engineering drawings and instructions on how to install it. If any negligence on Patent's part contributed to the catastrophe of November 4, 2008, it is answerable therefor and LandCoast is not required to indemnify Patent on account of it. This is forbidden by Miss. Code Ann. § 31-5-41.

That being said does not make the entire contract void and unenforceable. The

statute clearly states that ". . . every covenant, promise and/or agreement contained therein to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable." Thus, only the portion of the indemnification agreement contained in Paragraph 7 of the Rental Agreement which attempts to force LandCoast to indemnify Patent for its contributory negligence, if any, is void and unenforceable. The remainder of the contract continues in full force in spite of LandCoast's arguments to expand the indemnity issue to Paragraph 10 of the Rental Agreement. This paragraph requires LandCoast to pay Patent for damage or loss of the rental property. To the extent that damage or loss of the scaffolding was caused or contributed to by Patent, LandCoast will not be liable. However, this issue will be resolved along with the defendant's counterclaim. Therefore, the defendant is entitled to summary judgment on the enforceability of the balance of the contract, subject to its own contributory negligence, if any.

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff is entitled to a declaratory judgment on is Motion for Summary Judgment **[#20]** that the indemnification clause contained in Paragraph 7 of the Proposal for Equipment Rental Services agreement executed September 18/19, 2008, is void and unenforceable pursuant to Miss. Code Ann. § 31-5-41, and that LandCoast has no duty or obligation to indemnify, defend or hold Patent harmless from any liability, loss or expense that it has incurred or may incur by virtue or Patent's own negligence, if any.

IT IS FURTHER ORDERED AND ADJUDGED that the defendant is entitled to a declaratory judgment on is Motion for Summary Judgment **[#22]** that the balance of the

Proposal for Equipment Rental Services executed September 18/19, 2008, exclusive of Paragraph 7, is valid and enforceable, subject to all defenses including contributory negligence.

IT IS FURTHER ORDERED AND ADJUDGED that the stay previously entered in this matter is lifted and the parties are directed to contact Magistrate Judge Walker within ten days of this order for the entry of a new case management order.

SO ORDERED AND ADJUDGED this the 6th day of August, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE