# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**LANDCOAST INSULATION, INC.,**
a Louisiana Corporation                                                                **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 1:08cv1429KS-RHW**

**PATENT CONSTRUCTION SYSTEMS,**
a Division of HARSCO Corporation,
a Delaware Corporation                                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Partial Summary Judgment filed on behalf of the plaintiff **[#46]**. The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the plaintiff's motion is well taken in part and should be granted in part and denied in part. The court specifically finds as follows:

## FACTUAL BACKGROUND

This court has previously entered a lengthy opinion in this matter on the issue of indemnity as contained in the contract between the parties and set forth a detailed factual background. The court will repeat what is necessary of that background for ruling on this case. On September 18/19, 2008, the plaintiff, LandCoast Insulation, Inc. ("LandCoast") and the defendant, Patent Construction Systems ("Patent") entered into an agreement entitled "Proposal for Equipment Rental Services" ("Rental Agreement" or "Agreement") wherein Patent agreed to supply LandCoast with several hundred

thousand dollars in materials necessary for the installation of interior boiler scaffolding for a project at Mississippi Power Plant Victor Daniel in Jackson County, Mississippi. Patent also agreed to provide engineering drawings for the design and construction or erection of the scaffolding, at an additional charge, along with instructions and safety rules for the erection. The Rental Agreement required LandCoast to construct the scaffolding in strict compliance with Patent's drawings, instructions and safety rules.

On November 4, 2008, during the final stages of the erection of the scaffolding, the entire structure failed, injuring seven LandCoast employees, one fatally. Substantially all of the rental equipment supplied by Patent was damaged or destroyed. After the collapse, HARSCO, Patent's parent corporation, sent a letter to LandCoast on November 13, 2008, advising of its intent to pursue a claim under the Rental Agreement to recover the cost of the scaffolding material damaged in the collapse.

In response to the letter, LandCoast filed the present action seeking a declaratory judgment that an indemnity clause contained in the Rental Agreement was void and unenforceable pursuant to Miss. Code Ann. § 31-5-41, which prevents indemnification for one's own negligence in construction contracts. The Amended Complaint seeks a declaration from the court that LandCoast has no duty or obligation to Patent to indemnify, defend, or hold it harmless from any liability, loss or expense it has incurred or may incur as a result of the accident which occurred on November 4, 2008.

Patent answered and filed a counterclaim for its alleged losses on December 22, 2008. The counterclaim asked that: (a) the court dismiss the Amended Complaint for Declaratory Judgment; (b) the court declare that LandCoast has to comply with its

contractual obligation to defend and indemnify Patent; (c) the court declare that LandCoast has the duty for any handling, storing or payment for any equipment or material delivered by Patent; (d) the court grant to Patent the list cost of damaged and/or unreturned material provided to LandCoast pursuant to the agreement; and (e) that the court deny any relief requested by LandCoast and grant any further relief to Patent as appropriate.

On February 5, 2009, Magistrate Judge Walker bifurcated the plaintiff's declaratory judgment action on the indemnification issue from the defendant's counterclaim after the parties agreed that resolution of the indemnification issue was a pure question of law. Judge Walker ordered dispositive motions concerning the indemnification issue be filed and stayed the defendant's counterclaim pending resolution of the indemnification issue.

On August 6, 2009, this court entered and order holding that the plaintiff was entitled to a declaratory judgment on is Motion for Summary Judgment [#20] that the indemnification clause contained in Paragraph 7 of the Proposal for Equipment Rental Services agreement executed September 18/19, 2008, is void and unenforceable pursuant to Miss. Code Ann. § 31-5-41, and that LandCoast had no duty or obligation to indemnify, defend or hold Patent harmless from any liability, loss or expense that it has incurred or may incur by virtue or Patent's own negligence, if any.

The court also held that the defendant was entitled to a declaratory judgment on is Motion for Summary Judgment [#22] that the balance of the Proposal for Equipment Rental Services executed September 18/19, 2008, exclusive of Paragraph 7, is valid and enforceable, subject to all defenses including contributory negligence.

After some discovery, the plaintiff has now filed this motion for partial summary judgment on the issue of damages sought by Patent in light of this court's August 6, 2009 Memorandum Opinion and Order voiding the contractual indemnity provision contained in Patent's contract with LandCoast.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP 56(c); and see *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue,

therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## **ANALYSIS**

The plaintiff contends that in accordance with this court's ruling, the sole remaining provision of the Proposal for Equipment Rental Services which Patent can seek to enforce by way of its Counterclaim is paragraph 10, which states in its entirety as follows:

You shall assume all responsibility for our equipment while it is in your

>possession and upon completion of your use of the equipment return the same to us complete, dismantled and in the same condition as delivered, ordinary wear and tear excluded. You agree to pay for any equipment or parts which are returned in damaged condition or which you fail to return, on the basis of our then prevailing repair charges or list sales price.

Therefore, LandCoast argues that the only remaining issues in this case are: (1) whether LandCoast owes Patent for the damaged scaffolding components pursuant to paragraph 10 of the Proposal for Equipment Rental Services; and (2) if so, how much does LandCoast owe Patent for the damaged material.

. The damages sought by Patent due to the destruction of its rented material, total $331,264.36. This figure contains the amount of $15,400 for freight costs to obtain the replacement parts, as well as $6,838.69 for the cost of Patent's employees to view (inventory) and determine exactly what amount of material was damaged or destroyed.

Contrary to LandCoast's assertions, Patent contends that several other sections of the contract, in addition to ¶ 10, provide for other elements of damage. For instance, on page 1 of the Agreement under "Scope of Work and Pricing", Patent contends that Donny Sullivan, the "Manager of the Scaffolding Division" of Landcoast, expressly agreed to pay the "return freight" rate of $450 per load and since the material delivered to Landcoast was destroyed in the collapse, it could not be "returned". Patent then had to secure replacement material pursuant to the Agreement and the replacement material had to be delivered to it by contract carrier. Therefore, Patent contends that it is reasonable and fairly contemplated by the terms of the Agreement that freight charges for the replacement material are reasonable and required to make Patent "whole" as contemplated by the Agreement.

Further, under the Terms and Provisions on page 2, the Agreement states in part,

"The customer is responsible for providing labor and equipment operations as is required for unloading, stocking, unstocking and loadout of all Patent material. If Patent were required to supply these services, an additional charge would be required." Patent is seeking the inventory charge itemized on an hourly basis for Patent personnel to sift through the laydown yard where the scaffold parts were laid. Patent insists that it was required to determine what materials were damaged and what material had to be replaced pursuant to the Agreement and that this charge is contemplated in the Agreement and is reasonable

Additionally, Patent argues that the Counter-Claim relies not only on the Rental Agreement, but makes an additional claim for breach of contract and/or common law remedies for the loss of rental Patent suffered due to the failure of Landcoast to return the property and the intendant loss of rental because of the lack of return. Thus, Patent is contending that it is entitled to these additional damages to be proven at trial.

LandCoast contends that discovery propounded by LandCoast and answered by Patent, shows that Patent continues to seek damages from LandCoast allegedly beyond those damages recoverable through paragraph10 of the Proposal for Equipment Rental Services. LandCoast asserts that these damages could only be recoverable by way of contractual indemnity, and that this court's August 6, 2009 Order rendering said indemnity provision void precludes them.

In a response to interrogatories propounded by LandCoast, Patent responded on March 17, 2010 as follows:

> "**INTERROGATORY NO. 9:** If you are seeking to recover through your counterclaim any damages other than those described in your responses to the preceding Interrogatories, please list and describe in

detail all other damages for which you are seeking compensation in your counterclaim, and the amount(s) you are seeking for each such category of damages.

**ANSWER:** Within the claim was the amount of $15,400.00, which would be the cost of freight for replacement parts to be shipped from the supplier to Patent. Also, the cost associated with Patent's employees to review, separate, and categorize the damages to establish a "count" of the equipment was $6,838.69. Claims for loss of use of the property that was destroyed are made along with the request for indemnity of the cost of investigation and defending this or any other claim that has been or will be made."

Therefore, LandCoast argues that it appears clear that Patent is still trying to seek contractual indemnity which has been specifically prohibited by this court's prior ruling.

This court agrees that the above referenced answer indicates that Patent is attempting to prove damages beyond what is permitted by this court's August 6, 2009 Order. It clearly indicates that Patent is still attempting to secure indemnity for investigation and defense. The court has ruled that the indemnity provision of the Agreement, ¶ 7, is void. The court unequivocally found that LandCoast was not responsible for indemnifying Patent for any costs associated with Patent's own negligence.

However, it is also clear that Patent is seeking other items of damage not related to indemnity. LandCoast is attempting to limit the scope of damages available to Patent by way of this motion. To some extent that is proper. The court agrees that Patent is not entitled to any element of damages related to the void contractual indemnity provision contained in ¶ 7 of the Agreement. But Patent is permitted to seek any other elements of damage arising from the contractual agreement.

The court finds that the freight costs sought by Patent are not a reasonable

element of damage under the contract. The Agreement provides for freight charges to return the rented equipment to Patent's Kenner, Louisiana facility. Since the material delivered to LandCoast was destroyed in the collapse, it could not be returned. However, the Agreement says in the event of failure to return the goods, LandCoast is responsible for the list sales price of the equipment that was not returned. The agreement does not provide for the freight to secure such replacement goods and any interpretation of this contract to conclude that such is permissible is unreasonable. The contract could have easily included such a provision, but it did not.

On the inventory charges element of damage sought by Patent, the court finds that it is not within a reasonable interpretation of the contract. The Agreement provides for costs related to restocking or unloading the returned goods. It in no way contemplates or provides for costs related to Patent's employees going to LandCoast's site and inventorying the damaged goods. Nor has the court found any other provision in the contract which can be reasonably interpreted to cover this cost.

As a final matter, the court is unable to conclude that Patent is not entitled to any recovery on its claims for breach of contract and/or common law remedies for the loss of rental. LandCoast argues that Patent has produced no evidence to support any such claim for loss of rental income it allegedly suffered because damaged scaffolding equipment was not returned to it. However, that is a dispute for trial, not summary adjudication. The court is doubtful that such a claim is viable as a breach of contract claim in that no provision of the Agreement has been cited as supportive of this element. Nevertheless, the court will consider that argument at trial.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion for Partial

Summary Judgment filed on behalf of the plaintiff **[#46]** is granted in part and that the defendant's claims for inventory charges and freight charges are dismissed with prejudice, the motion is denied in all other respects.

SO ORDERED AND ADJUDGED this the 25th day of June, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE